UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATELYN HANKS § | |
|    *Plaintiff* § | |
| § | |
| VS. § | CASE NO. 3:18-CV-02633 |
| § | |
| § | |
| VU AND HU CORPORATION AND § | |
| RAINIER SUNWEST 2012, LLC § | |
|    *Defendants* § | |

**DEFENDANT VU AND HU CORPORATION'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **VU AND HU CORPORATION** ("Defendant") and files this its Original Answer and would show as follows:

### I.   DEFENDANT'S ANSWER TO COMPLAINT

#### JURISDICTION AND VENUE

1. Defendant denies any violation of law and specifically in violation of the Americans With Disability Act ("ADA") contained in paragraph 1.

#### PARTIES

2. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant denies there are ADA violations on the real property located at 2215 S. Marsalis, Dallas, Texas 75216 (the "Real Property"). Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining material allegations in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that is it a Texas Corporation.

8. Defendant admits that Tram La is its registered agent or agent for service.

9. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 10 of Plaintiff's Complaint.

**C. Factual Allegations**

11. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 11 of Plaintiff's Complaint as to whether Plaintiff was a customer at "Food Rite #2". Defendant is not aware of a Food Rite #2.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 12 of Plaintiff's Complaint. Defendant admits that it is the lessee of the real property located at 2215 S. Marsalis, Dallas, Texas.

13. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the material allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies there are barriers to access the Real Property; Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies there are barriers to access the Real Property; Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies there are barriers to access the Real Property; Defendant denies Plaintiff suffered legal harm and/or legal injury and will continue to suffer such harm and injury. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of Plaintiff's Complaint.

**D. Count 1- Violations of the ADA and ADAAG**

19. Paragraph 19 of Plaintiff's Complaint consists of allegations in which no response is required.

20. Paragraph 20 (i) – (v) of Plaintiff's Complaint consists of allegations in which no response is required.

21. Paragraph 21 (i), (ii), and (iv) of Plaintiff's Complaint consists of allegations in which no response is required.

22. Paragraph 22 of Plaintiff's Complaint consists of allegations in which no response is required.

23. Paragraph 23 of Plaintiff's Complaint consists of allegations in which no response is required.

24. Defendant admits that it is a grocery store for providing services to the public and denies remainder of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the Real Property is used for providing services to the public; denies remainder.

26. Paragraph 26 of Plaintiff's Complaint consists of allegations in which no response is required.

27. Paragraph 27 of Plaintiff's Complaint consists of allegations in which no response is required.

28. Defendant denies the material allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant is without knowledge or information sufficient to form a belief about Plaintiff's attempts to access and/or access to the real property; denies the remainder of paragraph 30 of Plaintiff's Complaint.

31. Defendant is without knowledge or information sufficient to form a belief about Plaintiff's intentions; denies the remainder of paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations of ADA violations; Defendant is without knowledge or information sufficient to form a belief about Plaintiff's experience and/or what Plaintiff observed in paragraph 34 of Plaintiff's Complaint; Defendant responds to the remaining allegations in paragraph 34 of Plaintiff's Complaint as follows:

(a) ACCESSIBLE ELEMENTS

    (i)    Defendant admits there are two accessible parking spaces near the entrance to Food Rite; denies the remainder.

    (ii)    Defendant admits there is at least one accessible parking space near the entrance to Food Rite; denies the remainder.

    (iii)    Defendant denies the allegations in paragraph 34.(a)(iii) of Plaintiff's Complaint.

    (iv)    Defendant denies the allegations in paragraph 34.(a)(iv) of Plaintiff's Complaint.

    (v)    Defendant denies the allegations in paragraph 34.(a)(v) of Plaintiff's Complaint.

    (vi)    Defendant denies the allegations in paragraph 34.(a)(vi) of Plaintiff's Complaint.

    (vii)    Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 34.(a)(vii).

    (viii)    Defendant is without knowledge or information sufficient to form a belief about the truth of the material allegations in paragraph 34.(a)(viii).

    (ix)    Defendant denies the allegations in paragraph 34.(a)(ix) of Plaintiff's Complaint.

RESTROOMS IN FOOD RITE #2

    (i)    Defendant denies the allegations in paragraph (i).

    (ii)    Defendant denies the allegations in paragraph (ii).

    (iii)    Defendant denies the allegations in paragraph (iii).

    (iv)    Defendant denies the allegations in paragraph (iv).

    (v)    Defendant denies the allegations in paragraph (v).

    (vi)    Defendant denies the allegations in paragraph (vi).

    (vii)    Defendant denies the allegations in paragraph (vii).

    (viii)    Defendant denies the allegations in paragraph (viii).

    (ix)    Defendant denies the allegations in paragraph (ix).

    (x)    Defendant denies the allegations in paragraph (x).

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegation that there are discriminatory conditions and ADA violations.

37. Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the material allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 46 of Plaintiff's Complaint.

47. Paragraph 47 of Plaintiff's Complaint consists of allegations in which no response is required.

48. Defendant denies that Plaintiff is entitled to the relief requested in the final paragraphs (a) – (f) of Plaintiff's Complaint.

## II.    AFFIRMATIVE DEFENSES

Pleading further, and in the alternative to the extent necessary, Defendant asserts the following affirmative defenses to Plaintiff's claims.

1. Plaintiff's claims are barred, in whole or part, because Plaintiff's injuries and damages, if any, were caused in whole or in part by persons or entities over whom Defendant had no control, including but not limited to Plaintiff, other parties, and third parties.

### III.  PRAYER

WHEREFORE, Defendant **VU AND HU CORPORATION** prays that Plaintiff take nothing by way of this action and that Defendant recover its fees and costs of court incurred for defending this action, and for such other and further relief to which it may be justly entitled.

DATED: November 7, 2018.

        Respectfully submitted,

        THE LAW OFFICES OF JEREMY W. MCKEY, PLLC

        /s/ Jeremy W. McKey
        Jeremy W. McKey
        State Bar No. 24053353
        2695 Villa Creek Drive, Suite 155
        Dallas, Texas 75234
        Telephone:  (214) 855-8788
        Facsimile:  (888) 638-1552
        Email:  eservicejmckeylawfirm@gmail.com

        **ATTORNEYS FOR DEFENDANT VU AND HU CORPORATION**

### CERTIFICATE OF SERVICE

I certify that on this 7th day of November 2018, a true and correct copy of this instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure via the CM/ECF system.

        /s/ Jeremy W. McKey
        Jeremy W. McKey